IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TERRANCE GRISSOM,

                        Plaintiff,

  v.                                             OPINION and ORDER

KELSEY STANGE,                            18-cv-960-jdp

                       Defendant.

---

     Plaintiff Terrance Grissom, appearing pro se, is an inmate at Columbia Correctional Institution. Grissom is a frequent litigator in this court (he has brought more than 60 cases here since 1990) who has "struck out" under 28 U.S.C. § 1915(g) and has been barred from filing new complaints in this court unless his allegations show that he is in imminent danger of serious physical injury.

     Grissom filed a joint complaint and motion for preliminary injunctive relief, in which he alleges that staff placed him close to "known enemies," at least one of which threatened to kill Grissom. When Grissom raised this problem, defendant Kelsey Stange, a member of the psychological services staff, would not move him. Instead, she said that if he continued to complain, she would have CCI officers kill Grissom. An unidentified correctional officer then punched Grissom in the face.

     I concluded that these allegations satisfied the imminent-danger requirement placed on him by § 1915(g) and this court's sanction. I directed defendant to respond to Grissom's allegations, which she has. *See* Dkt. 6–8. Stange denies threatening Grissom and says that the DOC does not have any documented evidence of the alleged November 13 incident in which Stange threatened Grissom or another officer punched him. Stange recently informed Grissom

that the "unit team" had demoted him from "green" status at the Special Management Unit to "yellow" status, meaning that he had less freedom to move around the facility unsupervised, because of threats he made to staff and inmates. She says that Grissom was not pleased with this decision.

Stange says that Grissom and another inmate had a disagreement about helping the inmate with a job, but she does not provide any evidence supporting or disputing that Grissom was in danger at the hand of other inmates. But since the events discussed in Grissom's complaint, he was sent to temporary lockup status, housed alone, with no known threats to his safety. He was placed there because he threw a milk carton full of feces and urine at an officer.

Before ruling on Grissom's motion for injunctive relief, I will give him an opportunity to file a reply brief in which he addresses all of the points made by Stange in her materials. I will also direct him to respond to another issue: his possible falsification of court materials.

In my last order, I noted that it appeared that Grissom had crossed out figures on his trust fund account statement to obscure the fact that he had some money in his release account. Dkt. 4, at 2. I told Grissom that attempting to obscure information on his court filings is not acceptable, and that I would dismiss this case if he engaged in any further misconduct.

Defendant Stange now contends that Grissom fraudulently altered the notary certification on his motion for preliminary injunction. *See* Dkt. 1, at 3. Looking at this document more closely, the page is almost certainly a copy of page 11 of Grissom's complaint in case no. 14-cv-808-jdp, a case he co-filed with inmate Robert Kidd. *See* Dkt. 1 in the '808 case. It looks like Grissom crossed out Kidd's signature and the dates of both his and Kidd's signatures. Then, notary Angelia Kroll's statement about the date she witnessed Grissom's signature is altered to change "2014" to "2017," and the year of Kroll's notary expiration date

was changed from 2016 to 2019. Kroll provides an affidavit detailing some of these points, and stating that she works at Waupun Correctional Institution, so she could not have notarized the current document.

Although it is difficult to imagine what Grissom could say to mitigate what appears to be a blatantly fraudulent document, I will give him a chance to reply to the state's response, and also to respond to my previous statement that he appears to have altered his trust fund account document. Should I conclude that Grissom has submitted fraudulent documents, I will then take up the question how to sanction him.

ORDER

IT IS ORDERED that plaintiff Terrance Grissom may have until January 2, 2019, to file a reply in support of his motion for preliminary injunctive relief, and to respond regarding the allegations that he has falsified documents.

Entered December 12, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge