IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TERRANCE GRISSOM,

                      Plaintiff,

  v.

KELSEY STANGE,

                      Defendant.

OPINION and ORDER

18-cv-960-jdp

---

Plaintiff Terrance Grissom, appearing pro se, is an inmate at Waupun Correctional Institution. Grissom is a frequent litigator in this court (he has brought more than 60 cases here since 1990) who has "struck out" under 28 U.S.C. § 1915(g) and has been barred from filing new complaints in this court unless his allegations show that he is in imminent danger of serious physical injury.

Grissom filed a joint complaint and motion for preliminary injunctive relief, in which he alleged that staff at Columbia Correctional Institution placed him close to "known enemies," at least one of which threatened to kill Grissom. When Grissom raised this problem, defendant Kelsey Stange, a member of the psychological services staff, would not move him. Instead, she said that if he continued to complain, she would have CCI officers kill Grissom. An unidentified correctional officer then punched Grissom in the face.

Stange responded to the motion for preliminary injunctive relief, denying threatening Grissom and saying that the DOC does not have any documented evidence of the alleged November 13, 2018 incident in which Stange threatened Grissom or another officer punched him. Stange also said that after the events discussed in Grissom's complaint, he was sent to

temporary lockup status, housed alone, with no known threats to his safety. Stange says that he was placed there because he threw a milk carton full of feces and urine at an officer.

In my last order, I gave Grissom an opportunity to file a reply brief addressing Stange's response. *See* Dkt. 10. I also directed him to respond regarding his possible falsification of court materials. I previously noted that it appeared that Grissom had crossed out figures on his trust fund account statement to obscure the fact that he had some money in his release account. Dkt. 4, at 2. In responding to Grissom's motion for preliminary injunctive relief, Stange contended that Grissom fraudulently altered the notary certification on his motion. *See* Dkt. 1, at 3.

I stated that the notary certification page is almost certainly a copy of page 11 of Grissom's complaint in case no. 14-cv-808-jdp, a case he co-filed with inmate Robert Kidd:

> It looks like Grissom crossed out Kidd's signature and the dates of both his and Kidd's signatures. Then, notary Angelia Kroll's statement about the date she witnessed Grissom's signature is altered to change "2014" to "2017," and the year of Kroll's notary expiration date was changed from 2016 to 2019. Kroll provides an affidavit detailing some of these points, and stating that she works at Waupun Correctional Institution, so she could not have notarized the current document.

Dkt. 10, at 2–3.[1] I set a deadline for Grissom to respond regarding this issue, although I stated that "it is difficult to imagine what Grissom could say to mitigate what appears to be a blatantly fraudulent document." *Id.* at 3.

---

[1] Upon further review of the document, I notice another glaring discrepancy with Grissom's account: both documents include what appears to be a mailing label in the identical location, stating "Waupun Correctional Institution" and its address. There would be no reason for the certification page in this case to have the Waupun address given that Grissom was at Columbia Correctional Institution at the time.

Now Grissom has filed a declaration, Dkt. 11, and what he calls an "order to show cause for a temporary restraining order," Dkt. 12. Grissom does not elaborate on the November 13 incident or the danger he faces from Stange. He says that his legal property was taken, that his incoming mail has been blocked, and is being held in a cold cell. He asks to be transferred to a facility run by the Department of Health Services, presumably the Wisconsin Resource Center.

But this case is not about a cold cell or Grissom's mental health treatment. I have reason to doubt that Grissom is blocked from his legal materials, given that he attached exhibits to his reply. But regardless of this issue, he fails to elaborate on Stange's threats to him or his current risk of harm by explaining events in his own declaration, which he could have done without additional legal materials. In addition, Grissom has filed two new complaints, case nos. 19-cv-270-jdp and 19-cv-271-jdp, which show that he has been transferred to Waupun Correctional Institution. Because the preliminary injunction briefing and Grissom's transfer give me no reason to think that Grissom is currently in danger from Stange, I will deny his motion for preliminary injunctive relief.

That leaves the issue of the falsified notary certification. Grissom responds that Kroll is committing perjury and that she "did notarize[] a document to William Pollard case." Dkt. 11, at 1. I take "William Pollard case" to mean Grissom's 2014 case with co-plaintiff Kidd, because Pollard was the defendant in that case. Grissom does not elaborate further so it is not clear whether he actually disputes whether Kroll notarized his complaint in this case. Given how closely the notary certification page in this case resembles the page from the 2014 case, no reasonable factfinder could conclude anything other than that Grissom copied the page and then doctored it to use it in this case.

"A district court has inherent power to sanction a party who 'has willfully abused the judicial process or otherwise conducted litigation in bad faith.'" *Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 401 (7th Cir. 2015) (*quoting Salmeron v. Enterprise Recovery Systems, Inc.*, 579 F.3d 787, 793 (7th Cir. 2009). Grissom's behavior in fabricating the notary page is unacceptable and it merits sanctions against him. Grissom already has three strikes under 28 U.S.C. § 1915(g) and a separate filing bar for all but habeas corpus petitions and imminent-danger cases, so a relatively lesser sanction would not have any effect on Grissom's filings.

I conclude that it is appropriate to sanction Grissom in two ways. First, I will dismiss this case and his other two pending cases. I note that this is not as substantial a penalty as it may seem, because Grissom's two new complaints—the '270 and '271 cases—are fundamentally flawed in other respects. In the '270 case, Grissom alleges that prison staff has unlawfully withdrawn funds from his trust fund account, which threatens his right of access to the courts. But these are not imminent-danger claims, so I would dismiss the case anyway under the current filing bar. In the '271 case, Grissom alleges that inmates at Columbia Correctional Institution are threatening him, but he does not name as a defendant anyone acting under color of state law, so he cannot bring constitutional claims under 42 U.S.C. § 1983.

I will also modify his current sanctions. He is currently barred from bringing civil-rights lawsuits unless he alleges that he is in imminent danger of serious physical harm. But in those imminent-danger cases, he was still allowed to bring claims for money damages. I remain convinced that it is appropriate for Grissom to be able to seek court intervention to keep him safe, but I conclude that he has forfeited the opportunity to seek money damages. So I will beef up the sanctions against Grissom by stating that for the next two years, this court will not

consider any claims for money damages that he brings. He may still bring imminent-danger claims, but the only relief he may be afforded in those cases is injunctive relief.

To ensure that Grissom and court personnel are aware of the contours of the various sanctions against Grissom going forward, I will recount them here:

- Until Grissom has paid in full the outstanding fees in all civil actions he has filed in this circuit, the only case-initiating documents he may file are habeas corpus petitions and complaints in which he alleges that he is in imminent danger of serious physical harm. If he is attempting to file a new action, he must explicitly state in the caption of his submission that the document is a "complaint" or "petition for writ of habeas corpus."

- The only relief that Grissom may pursue in his imminent-danger cases is injunctive relief. For two years from the date of this order, Grissom is barred from pursuing claims for money damages.

- Any case-initiating document filed by Grissom will be opened as a new case. Should that pleading not conform to these sanctions, the court will issue an order summarily dismissing that case for that reason.

- Grissom will owe a filing fee for any new case that is dismissed under these sanctions, and that amount will be added to his debt. Grissom should not file a new civil complaint unless he is raising plausible allegations that he is in imminent danger of serious physical harm.

- Although he is not currently a defendant in any criminal case, Grissom will be permitted to file submissions in any criminal case in which he is a defendant.

- Although the court reserves the right to take any action it deems necessary regarding any document filed by Grissom, even if it does not strictly comply with these rules, I will direct the clerk of court to docket non-case-initiating documents failing to meet the above standards into a miscellaneous case, with no further action to be taken on them by the court.

ORDER

IT IS ORDERED that:

1. Plaintiff Terrance Grissom's motion for preliminary injunctive relief, Dkt. 1, is DENIED.

2. All of plaintiff's pending cases—this case and case nos. 19-cv-270-jdp and 19-cv-271-jdp, are DISMISSED with prejudice for plaintiff's misconduct.

3. The sanctions against plaintiff are modified as set forth in this opinion.

Entered April 26, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge